UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BILLY J. BAGGETT and ) | |
| MICHAEL WAYNICK, ) | |
| ) | |
| Plaintiffs, ) | No. 3:14-cv-02366 |
| ) | Judge Campbell |
| v. ) | |
| ) | |
| JOHN FUSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **M E M O R A N D U M**

Co-plaintiffs Billy J. Baggett (#99000) and Michael Waynick (#00149619) bring this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against John Fuson, Douglas K, Tackett, and Regina Dae, all employees of Montgomery County, Tennessee. (Docket No. 1). The plaintiffs are inmates at Montgomery County Jail in Clarksville, Tennessee. (*Id.*)

The plaintiffs' complaint is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

**I.  PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court

in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the Court's "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.     Section 1983 Standard

The plaintiffs seek relief pursuant to § 1983.  To state a claim under § 1983, a plaintiff must allege and show:  (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986));  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998).  Both parts of this two-part test must be satisfied to

support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**III.   Alleged Facts**

The complaint sets forth a number of allegations concerning the plaintiffs' conditions of confinement. First, the plaintiffs (both males) allege that they must shower in plain view of the guard tower, which is staffed by male and female corrections officers. Second, the plaintiffs allege that they must eat their meals in their cells within a few feet of a toilet. Third, the plaintiffs allege that they are not receiving enough calories in their diet and that the quality of the food at the jail is unacceptable. Fourth, the plaintiffs complain that they are unable to participate in any rehabilitative or educational programs at the jail. Fifth, the plaintiffs state that the jail does not provide them with haircuts. Sixth, the plaintiffs allege that their grievances concerning these matters are not taken seriously by the jail staff. Finally, the plaintiffs object to the jail's requirement that inmates pay for medical services provided to the inmates. (Docket No. 1 at p. 5).

**IV.   Analysis**

The Eighth Amendment's prohibition against cruel and unusual punishments "proscribe[s] more than physically barbarous punishments." *Estelle v. Gamble*, 429 U.S. 97, 102, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976). The Eighth Amendment forbids deprivations or conditions that involve the "wanton and unnecessary infliction of pain," or that are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S. Ct. 2392, 69 L.Ed.2d 59 (1981). An Eighth Amendment claim contains both an objective and a subjective component. *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L.Ed.2d 271 (1991). The objective component requires the prisoner to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347. This determination is made by reference to "contemporary standards of civilized decency that currently

prevail in society." *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). To satisfy the subjective component, the officials must have acted with a "sufficiently culpable state of mind." *Wilson*, 501 U.S. at 297.

With regard to the plaintiffs' claims that they are forced to eat their meals in their cells near toilets and that the quality of the food served to them is not to their liking, the Constitution does not protect a prisoner from unpleasant prison experiences. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.1987). Nor does the Constitution mandate comfortable conditions of confinement. *Rhodes*, 101 S. Ct. 2400. The deprivations alleged are insufficiently serious to establish that the plaintiffs have been subject to cruel and unusual punishment in violation of the Eighth Amendment.

With regard to the plaintiffs' claim about the caloric intake of inmates, under the Eighth Amendment, state officials are only required to provide prisoners adequate food. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). The Eighth Amendment also requires only that inmates be provided "'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986)(quoting *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977))(footnotes omitted); *see also Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996)(holding that to comply with the Constitution, inmates must receive "reasonably adequate" food). "The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" *Wilson*, 501 U.S. 294, 298. Depriving an inmate of food, or serving him contaminated food, establishes grounds for a violation of the Eighth Amendment. *Rhodes*, 452 U.S 337, 348.

Although the plaintiffs allege that the jail does not provide an appropriately caloric diet for inmates, the plaintiffs do not allege that they have suffered any harm as a result of the diet provided to them by the jail. For example, the plaintiffs do not allege that they have lost significant weight

while incarcerated or are suffering from any health problems as a result of the allegedly inadequate diet. As such, the plaintiffs' allegations fail to state an Eighth Amendment claim upon which relief can be granted.

With respect to the plaintiffs' claims that they do not have the opportunity to participate in educational or rehabilitative programs while incarcerated at the Montgomery County Jail, prisoners have no constitutionally cognizable right to participate in rehabilitative or educational programs. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989); *Kenner v. Martin*, 648 F.2d 1080, 1081 (6th Cir. 1981)(*per curiam*); *Carter v. Corrs. Corp. of Am.*, No. 98-6336, 1999 WL 427352, at *1 (6th Cir. June 15, 1999). Thus, as to these allegations, the plaintiffs fail to state an Eighth Amendment claim upon which relief can be granted.

Next, the plaintiffs claim that their grievances about conditions at the jail have been ignored by the defendants. Although the plaintiffs may feel that their grievances were not taken seriously or handled properly, a plaintiff cannot premise a § 1983 claim on allegations that the an institution's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective jail grievance procedure in the first place. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Since a prisoner does not have a constitutional right to an effective or responsive grievance procedure, the plaintiffs' claims based on any defendant's failure to respond to plaintiffs' grievances do not state a claim upon which relief can be granted. These claims will be dismissed.

The plaintiffs complain that they are being charged when they receive medical services at the jail. They do not claim that either plaintiff received inadequate medical care or that the defendants were deliberately indifferent to a plaintiff's serious medical needs. While the Eighth Amendment's prohibition against cruel and unusual punishment requires jails to provide basic medical care to inmates, there is no requirement that the jails provide the medical care free of cost. *See Reynolds v. Wagner*, 128 F.3d 166, 173-74 (3d Cir.1997) (deliberate indifference standard does not guarantee prisoners the right to be entirely free from cost considerations that figure in medical-care decisions made by most non-prisoners in society). Inmates may be constitutionally required to pay for their own medical expenses, if they can afford to do so. *Roberson v. Bradshaw*, 198 F.3d 645 (8th Cir. 1999) (requiring inmates to pay for their own medications if they can afford to do so is not a federal constitutional violation); *see also Jensen v. Klecker*, 648 F.2d 1179, 1183 (8th Cir.1981) (no basis for due process claim where deductions from prisoner accounts were assessments for value received). It is only when medical care is denied to inmates because of their inability to pay that deliberate indifference is implicated, and such is not the case before this Court. The actions about which the plaintiffs complain do not violate the Constitution. *See Miller v. Blackwelder,* 2008 WL 2940534, at *6 (E.D. Tenn. July 24, 2008)(rejecting inmate's Eighth Amendment claim based on jail's requirement that inmate submit a co-pay every time he receives medical services).

Finally, the plaintiffs allege that the jail does not provide them with haircuts or razors with which they can cut their own hair. The plaintiffs state that they have not been able to cut their hair since August 12, 2014. Although it is somewhat unclear from the complaint, the jail's hearing officer's response to the plaintiffs' grievance regarding haircuts (attached to the complaint) seems to suggest that the jail allows inmates to invite public barbers inside the jail to perform inmate

haircuts if the inmates pay for the barbers' services. (Docket No. 1, Attach.)("You are an Inmate residing at Montgomery County Jail. You will only receive what any other Inmate here receives. You can make arraingments [sic] for a barber to come in but we do not get involved with money.")

A prisoner may not be denied his basic needs, including hygiene. *Estelle*, 429 U.S. at 104. However, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety," and that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. At most, in being denied haircuts, the plaintiffs have alleged a minor inconvenience or discomfort, neither of which rise to the level of an Eighth Amendment violation. *See Rhodes*, 452 U.S. at 347. The Court notes that the plaintiffs do not allege lack of shampoo or soap with which to wash their hair, nor do they allege that they have been harmed by having to wear longer hair, such as a claim that they contracted lice. For these reasons, the plaintiffs' claim that the jail's failure to provide haircut violated their rights under the Eighth Amendment will be dismissed.

However, in reviewing the complaint, the Court has found one claim which survives PLRA screening. 28 U.S.C. § 1915A.

The plaintiffs allege that, from the watch tower, female guards observe male inmates while they shower. (Docket No. 1 at p. 5). To the extent that the plaintiffs assert that their Eighth Amendment rights are violated by having to expose their naked bodies to female guards while showering or performing bodily functions, they have stated a colorable claim. *See Hunter v. Helton*, No. 1:10-cv-00021, 2010 WL 2405092, at *7 (M.D. Tenn. Jun. 10, 2010)(an inmate states a colorable claim if he alleges that guards of the opposite sex regularly viewed him nude while

showering); *Mills v. City of Barbourville*, 389 F.3d 568, 579 (6th Cir. 2004)(recognizing that "a prison policy forcing prisoners . . . to be exposed to regular surveillance by officers of the opposite sex while naked–for example while in the shower or using a toilet in a cell–would provide the basis of a claim on which relief could be granted"). The complaint does not make clear whether the inmates lack discretion as to when they may take their showers, such as while a female correctional officer is not stationed in the tower. *See Sumpter-Bey v. Weatherford*, No. 3:10-cv-1021 (M.D. Tenn. Mar. 30, 2012)(considering whether the female guards "regularly and closely" viewed the male inmates while they showered and/or whether cross-gender monitoring of the showers at the Rutherford County Adult Detention Facility failed to serve legitimate penological security, staffing, and equal employment opportunity interests). This claim will be permitted to proceed for further development.

## V. Conclusion

For the reasons explained above, the Court finds that the Plaintiffs have stated a colorable Eighth Amendment claim based on having to expose their naked bodies to female guards while showering. However, the plaintiffs' other claims fail to rise to the level of Eighth Amendment violations for cruel and unusual punishment. Consequently, under the PLRA, those claims must be dismissed.

An appropriate order will be entered.

Todd J. Campbell
United States District Judge